[No. 9572. Department Two. —June 3, 1885.]

MERCED COUNTY, APPELLANT, v. JAMES E. HICKS ET AL., RESPONDENTS.

PRACTICE — APPEARANCE BY ONE OF SEVERAL DEFENDANTS. — In an action against several defendants, where the summons has not been served on any of them, an appearance by an attorney at the request of one of the defendants, although purporting to be on behalf of all, is not binding upon those who did not authorize the appearance.

APPEAL from an order of the Superior Court of Merced County setting aside a judgment as to certain defendants.

This was an action upon an official bond, in which the defendant Hicks was principal and the other defendants sureties. The remaining facts are stated in the opinion of the court.

*Frank H. Farrar, Henry Edgerton,* and *F. M. Ostrander,* for Appellant, cited *Suydam* v. *Pitcher,* 4 Cal. 280; *Holmes* v. *Rogers,* 13 Cal. 191; *Turner* v. *Caruthers,* 17 Cal. 432.

*R. H. Ward,* for Respondents.

SHARPSTEIN, J.—Summons was not served on any of the defendants in the above entitled action. At the request of one of them, Hicks, an attorney signed a demurrer which on its face purports to be the joint demurrer of all of them. The demurrer was overruled, no one appearing to sustain it, and a judgment by default was entered against all of the defendants. The defendants other than Hicks moved to vacate the judgment on the grounds that none of them had been served with a summons or had appeared in the action. The motion was granted, and from the order granting it this appeal is taken. As before stated there was no service of summons on any of the defendants, and no appearance by any of the respondents in the action unless the demurrer which was filed by Hicks and signed at his sole request by an attorney, without any authority from respondents, constituted an appearance by them. We think there was no appearance by the respondents. "A defendant appears in an action when he answers, demurs, or gives written notice of his appearance, or when an attorney gives notice of appearance for him." (Code Civ. Proc. § 1014.) But a defendant cannot be said to demur unless he does so in person or by an attorney authorized to represent him.

As none of the facts stated in the affidavit on which the respondents gave notice their motion would be based were denied, we think the appellants were in no way prejudiced by the attorney who signed the demurrer being permitted to explain under oath how he came to sign it. The error, if it be one, could not as we view it affect the substantial rights of any of the parties, and therefore should be disregarded.

Order affirmed.

MYRICK, J., and THORNTON, J., concurred.

Hearing in Bank denied.