[Crim. Nos. 104, 112.   Third Appellate District.—June 1, 1910.]

THE PEOPLE, Appellant, v. WESTERN MEAT COM-
PANY, a Corporation, Respondent.

CRIMINAL LAW—ORDER SETTING ASIDE INFORMATION—NONAPPEARANCE
AT PRELIMINARY EXAMINATION—CONFLICTING AFFIDAVITS—REVIEW
UPON APPEAL.—Upon appeal from an order setting aside an in-
formation against the corporation respondent, where it appears that
the trial court, upon conflicting affidavits, determined that there
was no appearance of the corporation respondent at the preliminary
examination, the order appealed from cannot be disturbed.

ID.—RULE AS TO REVIEW OF QUESTIONS OF FACT—CONFLICT.—In consid-
ering an appeal from an order made upon affidavits involving the
decision of a question of fact, the appellate court is bound by
the same rule that controls it where oral testimony is presented for
review; and if there is any conflict in the affidavits, those in favor
of the prevailing party must be taken as true, and the facts stated
therein must be considered as established.

ID.—PRELIMINARY EXAMINATION AGAINST CORPORATION—CODE RULES
NOT COMPLIED WITH—QUESTION OF VOLUNTARY APPEARANCE.—
Under sections 1390–1396 of the Penal Code it is required that upon
a presentment against a corporation, the magistrate must issue a
summons signed by him with his name of office, requiring the cor-
poration to appear before him at a specified time and place, to
answer the charge, and the charge is required to be investigated
in the same manner as in the case of a natural person. Where
these rules prescribed in the Penal Code were not complied with,
the only question is whether the corporation voluntarily appeared
before the magistrate by its authorized attorney.

ID.—APPEARANCE BY ATTORNEY—QUESTION OF AUTHORITY—DISPROOF BY
AFFIDAVITS.—There can be no doubt as to the conclusion of the
court from the affidavits offered on the part of the corporation
defendant that it had authorized no one to appear in its behalf,
and that as matter of law no one had authority to represent it at
the preliminary examination. Where an attorney without authority
announced his representation of the corporation, the corporation
cannot be denied the right to show by affidavits that it was not
actually represented by counsel.

ID.—PRESUMPTION OF AUTHORITY OF ATTORNEY APPEARING—BURDEN OF
PROOF.—It is presumed in law that an attorney appearing and
acting for a party has authority to do so, and to do all other
acts necessary or incidental to the proper conduct of the case, and
the burden of proof rests upon the party denying such authority
to sustain his denial by a clear preponderance of the evidence.

Id.—Affidavits Supporting Burden of Proof.—Upon the whole of
the affidavits and showing made in behalf of the corporation re-
spondent, it is held that the trial court was justified in its con-
clusion that the corporation satisfied the requirement of the rule
imposing upon it the burden of proof that it was not represented
by counsel at the preliminary examination, and that the magistrate
made a mistake in assuming that the corporation was represented
by counsel, who in fact only appeared for an individual defendant
examined by the magistrate.

Id.—Affidavit of Attorney Inadvertently Omitted from Transcript
—Use on Hearing—Irregular Amendment—Order of Appellate
Court.—Where a counter affidavit made by the attorney, alleged
to have represented the respondent, was in fact used on the hearing,
showing that he did not claim to represent the corporation, an
amendment of the transcript by the judge without a previous order
of this court was irregular, but as no prejudice can result from
the irregularity, the affidavit will be ordered made part of the
record.

APPEAL from an order of the Superior Court of Sacra-
mento County setting aside an information. C. N. Post,
Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and J. Charles Jones, for
Appellant.

J. W. Lilienthal, and L. T. Hatfield, for Respondent.

BURNETT, J.—The appeal is by the people from an order
of the superior court of Sacramento county setting aside the
information on the ground "that before the filing thereof
the defendant had not been legally committed by a magis-
trate." (Pen. Code, sec. 995.)

The particular infirmity in the proceedings before the mag-
istrate which was urged at the hearing of the motion was set
forth by respondent as follows: "That said defendant was
never summoned to answer any charge in any court in accord-
ance with the requirements of section 1390 or of sections 1391
to 1396, both inclusive, of the Penal Code of California," and
"that said defendant never appeared, either in person or by
counsel, before the committing magistrate or any magistrate
to answer to the charge set forth in the information filed in

this proceeding or any other charge.'' In brief, the reason for urging the dismissal was that defendant had no notice to appear, and that it actually did not appear, either personally or by counsel, at the examination, and hence the committing magistrate had no authority to hold it to answer.

Said section 1390 provides that ''upon an information or presentment against a corporation, the magistrate must issue a summons, signed by him, with his name of office, requiring the corporation to appear before him, at a specified time and place, to answer the charge, the time to be not less than ten days after the issuing of the summons.''

Said section 1391 provides the form of the summons, section 1392, when and how it shall be served, and section 1393 is as follows: ''At the appointed time in the summons, the magistrate must proceed to investigate the charge in the same manner as in the case of a natural person, so far as these proceedings are applicable.'' Other provisions place a corporation, as far as the subsequent steps are concerned, on the same footing as an individual under similar circumstances.

It is admitted that no summons at all was issued and that no process whatever was served upon the defendant corporation. It is not disputed that if the corporation did not appear, either by its proper officer or by attorney, the court below was justified in setting aside the information. There is no contention that the corporation made an appearance at said examination in any manner except by its attorney. Indeed, the only controversy here is as to whether such an appearance was made, and it is largely a question of fact. The evidence submitted consisted of certain records and affidavits, a summary of which may be necessary for an intelligent disposition of the appeal.

From the records introduced by respondent it appears that the complaint in the justice court charged the Western Meat Company, the Sacramento Butchers' Protective Association and one J. O'Keefe jointly with an offense in restraint of trade, defined in the statute of 1907 commonly known as the Cartwright act. A warrant of arrest was issued by the justice directed to a peace officer and reciting that a complaint had been filed charging the crime of conspiracy against trade had been committed, and accusing J. O'Keefe thereof, and directing said officer to arrest him and bring him before the

magistrate. The docket of the justice shows the following entries, among others: "Jan. 25. Warrant of arrest returned and filed, indorsed served on J. O'Keefe by bringing him in court, Jan. 25. One hundred dollars was deposited by defendant as cash bail. Feby. 3. Demurrer to complaint filed. Feby. 4. Demurrer argued by L. T. Hatfield, attorney for defendant. April 8. This case coming on regularly for hearing this day the following proceedings were had; the people being represented by deputies district attorney F. F. Atkinson, Esq., and J. W. S. Butler, Esq., the defendant being present with counsel L. T. Hatfield, Esq., and J. B. Devine, Esq.," etc. The said demurrer purported to be signed "Jesse W. Lilienthal and L. T. Hatfield, attorneys for defendant J. O'Keefe."

The affidavits of L. T. Hatfield and James B. Devine set forth that they were present at all times during the said preliminary examination of the defendant J. O'Keefe; that neither of them appeared for nor was either authorized to appear as counsel for the defendant, Western Meat Company; that at the said preliminary examination they repeatedly stated to the court and to the counsel for the prosecution that they appeared solely for the defendant O'Keefe, and did not represent any of the other defendants named in the complaint, and that said Western Meat Company was not summoned nor notified to appear at said examination, and never appeared thereat at any time, either in person or by any of its officers, employees or stockholders, or by counsel, and the said company was never arraigned by said magistrate or brought before him for examination.

The affidavit of John O'Keefe was to the effect that he was not authorized to appear for said company, that he never employed counsel and never stated to any person that he appeared or was authorized to appear, and as a matter of fact he never did appear or act for said corporation in this proceeding.

The affidavit of Leroy Hough, the vice-president and general manager of the company, recited that said company was never served with any summons or other process of law in the proceeding; that said company never at any time or in any manner authorized any person to appear for or on its behalf in said justice court, or in any court until the sixth

day of July, 1908, four days after a plea of "not guilty" had
been entered in behalf of said corporation in the superior
court. That on said day, affiant and the members of the
board of directors of said corporation received notice that it
had been arraigned on the second day of July, 1908, and a
plea of "not guilty" entered therein, and thereupon said
directors, by a resolution duly adopted, authorized and em-
powered attorneys to protect the interests of the corporation;
that during the preliminary examination of said O'Keefe
affiant was present and testified therein, but it was simply in
obedience to a subpoena and not otherwise; that affiant was
the only person authorized to employ counsel during the
pendency of these proceedings, and that the said O'Keefe
never had any authority to appear for or on behalf of said
corporation.

In opposition to the motion the affidavits of the committing
magistrate, the assistant district·attorney, and of the district
attorney were received in evidence.

In the first, it is denied that counsel for O'Keefe repeatedly
stated that he did not appear for respondent, and it is averred
that affiant has no recollection of any· such statement, and
during the entire course of said examination he was of the
opinion that Messrs. Hatfield and Devine of Sacramento and
Mr. Lilienthal of San Francisco represented all of the defend-
ants named in the complaint and that he proceeded with the
examination upon that theory; that during said examination
the said L. T. Hatfield stated: "We want it distinctly under-
stood that we are not appearing for any defendant except
Mr. O'Keefe, both the Western Meat Company and Mr.
O'Keefe. If there are any other defendants we would like to
know it."

The affidavit of the district attorney discloses certain state-
ments made by Mr. Devine on an application for a change
of venue in the superior court of said Sacramento county, in
which he referred to himself and Mr. Hatfield as the attorneys
of record for the defendants at the preliminary examination,
and also the transcript of certain questions asked by Mr. Hat-
field of certain witnesses called by him at the preliminary
examination in reference to the connection of the said West-
ern Meat Company with the offense charged in the complaint.

The affidavit of Mr. Atkinson, the assistant district attorney, sets forth quite fully the proceedings before the committing magistrate and the superior court, detailing circumstances from which the inference might be drawn that the attorneys for Mr. O'Keefe were acting for respondent herein. But, attaching full significance to the showing made by appellant, we have simply a conflict in the evidence as to whether the Western Meat Company was actually represented by counsel at said preliminary examination. There can be no kind of doubt as to the conclusion from the said affidavits offered.on the part of said company that it had authorized no one to appear in its behalf, and as a matter of law no one had any authority to represent it in said proceedings. The rule is well established, as stated in *Doak* v. *Bruson,* 152 Cal. 18, [91 Pac. 1001], that "in the consideration of an appeal from an order made upon affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established." (See, also, *Henderson* v. *Cohen,* 10 Cal. App. 580, [102 Pac. 826].)

As the court below had the legal right to conclude that the said company was represented at the preliminary examination by no one authorized to appear as its attorney or agent, the only question remaining is whether an attorney, by his appearance for a defendant at a preliminary examination, can prevent an inquiry into his actual authority as such attorney. It seems to be the contention of the attorney general that the declarations and conduct of Messrs. Hatfield and Devine were binding upon respondent, and precluded it from showing to the contrary any want of authority. In other words, a corporation is made a defendant in a criminal case. No summons is issued and no notice is given to said corporation of the pendency of the proceedings. A preliminary examination is held, it may be without even the knowledge of the officers of said corporation, but an attorney, without authority, announces himself as the representative of the defendant. Can it be said that under such circumstances the defendant is denied the right to show that it has not been actually represented by counsel? The law is not subject to

any such reproach. This would be in violation of section 13, article I, of the constitution, providing that "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf, and to appear and defend, in person and with counsel."

The rule, founded in reason and sanctioned by the authorities, is that it is presumed that an attorney appearing and acting for a party to a cause has authority to do so, and to do all other acts necessary or incidental to the proper conduct of the case, and the burden of proof rests on the party denying such authority, to sustain his denial by a clear preponderance of the evidence. (3 Am. & Eng. Ency. of Law, p. 375.)

A case in point is *Merced County* v. *Hicks,* 67 Cal. 108, [7 Pac. 179]. There was no service of summons upon any of the defendants, but a demurrer was filed by Hicks and signed at his sole request by an attorney without any authority from respondents. The demurrer upon its face purported to be for all of the defendants, but the court said: "We think there was no appearance by the respondents. 'A defendant appears in an action when he answers, demurs, or gives written notice of appearance for him.' (Code Civ. Proc., sec. 1014.) But a defendant cannot be said to demur unless he does so in person or by an attorney authorized to represent him."

The cases cited by appellant sustain the position of respondent herein. For instance, in *State* v. *Passaic County Society,* 54 N. J. L. 260, [23 Atl. 680], it is said: "In this case the record shows that Robert I. Hopper, one of the practicing attorneys of this court, appeared and filed a demurrer to the indictment. If he had appeared, knowing that he had no authority to do so, it would have been in contempt of the trial court. His appearance was presumably lawful. Otherwise the trial court should, in all cases where a corporation appears by attorney, require him to establish his right to do so by competent evidence. Such has never been the practice. The burden is on the corporation to show that the appearance was unauthorized. As the record stands, it sufficiently appears that the defendant was in court to answer to the indictment."

Upon the affidavits and testimony thus far considered, we can entertain no doubt that the trial court was justified in its conclusion that the corporation satisfied the requirement of the rule imposing upon it the burden of proof that it was not represented at said preliminary examination, and the order must be sustained. It is only just, however, to say that at the hearing of the motion Mr. Hatfield filed a counter-affidavit in which he denied having stated in the justice court that he appeared for respondent, and he disclaimed any purpose or attempt to make it appear that he was authorized to represent, and he averred that he did not, in fact, represent, the Western Meat Company at said proceeding.

Indeed, a reasonable inference from the entire showing made and which, no doubt, was entertained by the trial court, is that the attorneys and the justice all acted in good faith, but a mistake was made by the latter in assuming that respondent was represented by counsel.

The counter-affidavit to which we have referred was inadvertently omitted from the transcript of the testimony as first certified by the trial judge and by him it was afterward allowed as an amendment to said transcript. The appeal was then pending in this court, and the contention is made that the court below was without jurisdiction to amend the transcript.

Section 1247c of the Penal Code, as added by the legislature of 1909, provides for a further transcription of the record upon suggestion to the appellate court that such action is necessary. The said section contemplates that the order shall be made by the appellate court and the additional transcription follow. The course pursued here is somewhat irregular, as, after the amendment has been made, we are asked to sanction it, but it is not claimed that said affidavit was not used on the hearing and no prejudice has resulted from the irregularity. While said amendment is not necessary for a determination of the cause, we think it should be made a part of the record, and it is so ordered.

The order setting aside the information is also affirmed.

Hart, J., and Chipman, P. J., concurred.