[Civ. No. 7862. Third Dist. Mar. 12, 1951.]

H. PIERCE WILSON et al., Appellants, v. ROBERT R. BARRY et al., Respondents.

Robert W. Steel and Erling S. Norby for Appellants.

McAllister & Johnson and Walter C. Frame for Respondents.

PEEK, J.—This is an appeal from an order granting respondents' motion to withdraw appearances made in their behalf in an action instituted by appellants.

The complaint, which was filed on August 20, 1948, named as defendants, Robert R. Barry, Wilford Carey, as administrator of the estate of W. Gibson Carey, Jr., Fred Dunning, Coleman Burke, Plumas Land Company, a corporation, Plumas Mining Company, a corporation, Plumas Lumber Company, a corporation, California Trust Company, a corporation, as trustee, and numerous John Does. No summons was issued and apparently no attempt was made to serve any of the above named defendants. On April 30, 1949, Attorney Frank H. McAuliffe filed a demurrer to the complaint and a motion for summary judgment purportedly on behalf of all of the defendants. The motion for summary judgment was supported solely by the affidavit of Robert R. Barry, who was designated as "one of the defendants above named, and the President of defendant corporations PLUMAS LAND COMPANY, PLUMAS MINING COMPANY, and a stockholder of PLUMAS LUMBER COMPANY." Approximately four months later McAuliffe filed a demurrer to the amended complaint, likewise on behalf of all of the defendants. On October 5, 1949, McAuliffe noticed a motion to withdraw the appearances of Robert R. Barry, Wilford Carey, as administrator of the estate of W. Gibson Carey, Jr., Fred Dunning, Coleman Burke, and California Trust Company. Two affidavits accompanied the motion. (1) That of Eleanor Carey stated

that she is one of the executors of the estate of W. G. Carey, Jr., having been appointed by the probate court in the State of Connecticut; that neither of the regularly appointed executors of said estate has ever applied for ancillary proceedings in California; that Wilford Carey "is a person entirely unknown" to her; that no authorization has ever been given McAuliffe to appear on behalf of the said estate or its representatives. (2) That of Frank H. McAuliffe stated that he "assumed" from a conversation with Barry that it was the desire of all of the defendants to appear in the action; that he-prepared papers for filing without discussing the legal result thereof with Barry, the only defendant with whom he had any discussion prior to making an appearance; that he subsequently learned it was the intention of Barry that affiant appear only on behalf of the Plumas Land Company, the Plumas Mining Company, and the Plumas Lumber Company, and that Barry was not authorized to effect the appearance of other defendants and he did not intend to authorize affiant to appear for such other defendants.

While the appeal is from the entire order permitting respondents to withdraw the appearances made on their behalf, appellants concede that the executors of the estate of William Gibson Carey, Jr., had no authority in law beyond the jurisdiction of the State of Connecticut and that the order should be affirmed as to the withdrawal of the appearances made on behalf of that estate.

Appellants' argument is, essentially, that the affidavit of Attorney McAuliffe, which was the only evidence in support of the motion before the trial court as to the remaining defendants, fails to demonstrate any lack of authority for the appearances made on behalf of such defendants.

There is a presumption that an attorney has authority to appear for any person for whom he professes to act (*Voinich* v. *Rolleri*, 203 Cal. 379 [264 P. 240]), but this presumption is disputable (*Sullivan* v. *Dunne*, 198 Cal. 183 [244 P. 343]).

The record shows sufficient evidence for the trial court to conclude as it did, that McAuliffe lacked authority to appear on behalf of respondents, and being unauthorized, was not binding on them, hence the motion to withdraw the appearances of respondents was properly granted except as to the defendant Barry. (*Forbes* v. *Hyde*, 31 Cal. 342; *Merced County* v. *Hicks*, 67 Cal. 108 [7 P. 179]; *People* v. *Western Meat Co.*, 13 Cal.App. 539 [110 P. 338].)

McAuliffe's lack of authority to appear on behalf of the other respondents is not decisive of the question of whether or not his appearance on behalf of Barry could be withdrawn. Barry, personally, as one of the defendants named in the complaint, executed the affidavit in support of the motion for summary judgment. The filing of a motion which is predicated upon the court having personal jurisdiction constitutes a general appearance. (*Judson* v. *Superior Court*, 21 Cal.2d 11 [129 P.2d 361].) Likewise the filing of an affidavit, other than for the purpose of presenting matters bearing on the court's jurisdiction, constitutes a general appearance. (See 6 C.J.S. p. 23.) Therefore, Barry's action constituted a general appearance, and the trial court should not have permitted the withdrawal of that appearance.

The order appealed from is reversed as to respondent Barry, and affirmed as to the other respondents.

Adams, P. J., and Van Dyke, J., concurred.