Filed 5/12/15  Sizzler USA Restaurants v. Superior Court CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SIZZLER USA RESTAURANTS, INC., | D067889 |
| Petitioner, | |
| v. | (San Diego County Super. Ct. No. 37-2015-00009033-CU-WT-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| KAREN BUSCH, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate.  Judith F. Hayes, Judge.  Petition granted.

Fisher & Phillips LLP, Grace Y. Horoupian, Jimmie E. Johnson, and Collin D. Cook for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

Sizzler USA Restaurants, Inc. (Sizzler) filed a peremptory challenge to the judge assigned for all purposes to an action Karen Busch commenced against it.  The assigned

judge denied the challenge as untimely. Sizzler challenges the denial by a petition for a writ of mandate. We grant the petition.

BACKGROUND

On March 17, 2015, Busch filed an employment-related complaint for damages and other relief against Sizzler in the San Diego County Superior Court (the superior court). On that same date, the case was assigned to the Honorable Judith F. Hayes for all purposes. A summons was issued on March 18 and personally served on Sizzler on March 20. On April 2, Sizzler filed a peremptory challenge to Judge Hayes, pursuant to Code of Civil Procedure section 170.6. The challenge included a declaration from Sizzler's counsel stating Judge Hayes is so prejudiced against Sizzler or its counsel that it will not get a fair hearing before her. Judge Hayes denied the challenge on April 8 as untimely.

Sizzler challenged the denial by filing a petition for a writ of mandate in this court. (See Code Civ. Proc., § 170.3, subd. (d).) We stayed further proceedings in the superior court and notified the parties we were considering issuing a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179.) We also requested Busch file a response, but she declined to do so.

DISCUSSION

Sizzler's peremptory challenge was timely. Where, as here, a civil action is assigned to a judge for all purposes, a peremptory challenge "shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment, *or if the party has not yet appeared in the action, then within 15*

2

*days after that appearance*." (Code Civ. Proc., § 170.6, subd. (a)(2), italics added.)

Sizzler had not yet appeared in the action when the all purpose assignment to Judge

Hayes was made on March 17, 2015, or when it was given notice of that assignment

when it was served with the summons and complaint on March 30. Nevertheless, Sizzler

filed its peremptory challenge to Judge Hayes within 15 days of service, on April 2,

apparently as its first appearance in the action. (See Code Civ. Proc., § 1014 [listing acts

that constitute appearance]; *Wilson v. Barry* (1951) 102 Cal.App.2d 778, 781 [filing

motion and declaration may constitute appearance].) The challenge was therefore timely

and in proper form, and the superior court was required to grant it. (*Zilog, Inc. v.

Superior Court* (2001) 86 Cal.App.4th 1309, 1315; *Bambula v. Superior Court* (1985)

174 Cal.App.3d 653, 658.) The court's denial of Sizzler's peremptory challenge

constituted prejudicial error. (*Entente Design, Inc. v. Superior Court* (2013) 214

Cal.App.4th 385, 389; *In re Robert P.* (1981) 121 Cal.App.3d 36, 43.)

Issuance of a peremptory writ in the first instance is appropriate to correct the

superior court's error. We notified the parties we were considering issuing a peremptory

writ in the first instance and gave Busch an opportunity to respond. Since the material

facts are not in dispute, the applicable law is settled, no useful purpose would be served

by full briefing and argument, and Sizzler is clearly entitled to relief, a peremptory writ in

the first instance will issue. (Code Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19

Cal.4th 1232, 1240-1241; *Bambula v. Superior Court*, *supra*, 174 Cal.App.3d at p. 658.)

3

## DISPOSITION

Let a writ issue commanding respondent to vacate its April 8, 2015 order denying the peremptory challenge as untimely, to enter a new order granting the challenge, and to reassign the case to a different judge. The stay this court issued on April 20, 2015, is dissolved. The parties shall bear their own costs of this writ proceeding.

MCINTYRE, Acting P. J.

WE CONCUR:

HALLER, J.

MCDONALD, J.

4