[Civ. No. 43006. Second Dist., Div. Five. Sept. 27, 1974.]

SAMUEL JOHN DE LUCA, Plaintiff and Appellant, v.
JERRY D. WHATLEY et al., Defendants and Respondents.

**COUNSEL**

George H. Rhodes for Plaintiff and Appellant.

Keenan & Tobin and P. Dennis Keenan for Defendants and Respondents.

**OPINION**

**KAUS, P. J.—** ■ Plaintiff appeals from a judgment (order of dismissal) which followed the trial court's sustaining of defendants' demurrer to plaintiff's first amended complaint.

### FACTS ALLEGED

Defendant Roden is an attorney and the partner of the other defendants. On July 7th and 8th, 1970, Roden represented one Gattis at a preliminary hearing which followed a complaint charging Gattis and one Manley with murder; Gattis was also suspected of robbery. After the People had rested their case Roden decided to call witnesses on behalf of his client Gattis. Knowing that plaintiff De Luca was "possibly a suspect in the charge of robbery and murder, for which . . . Gattis, was charged, and having such knowledge failed to exercise his duty and due care, as an attorney, in failing to advise plaintiff of possible criminal prosecution and by allowing the plaintiff to become involved and ultimately become charged with the crime of conspiracy, murder and robbery" Roden called plaintiff as a witness without interviewing him and, therefore "failed to call the plaintiff as a good faith witness," thereby placing him in a position "that caused him detrimental harm and injury." In fact, whether or not plaintiff as a witness aided Roden's client Gattis, as a result of plaintiff's testimony in the Gattis matter plaintiff himself was arrested, charged with conspiracy, murder and robbery, went through a preliminary hearing and was held to answer for trial. He was ultimately acquitted in the superior court, where his testimony at the Gattis preliminary hearing was admitted against him. Before the trial started the prosecutor admitted to the court that if that testimony were inadmissible because plaintiff had not been advised of his constitutional rights before testifying at the Gattis hearing, the People would have no case.

It is inferable from the allegations of the complaint that when Roden called plaintiff as a witness for Gattis, Roden knew or should have known that plaintiff would incriminate himself on the stand.

## DISCUSSION

Counsel for plaintiff accurately states that this case "is one of first impression and requires an extension of the applicable law now found in cases involving attorneys who have been negligent in the preparation of Wills and other matters that have caused harm to third party beneficiaries where the attorney could foresee some detrimental harm to those particular beneficiaries."[1]

To state the problem is to decide this case. When an attorney defends a person accused of crime he has but one intended beneficiary—his client. (*In re Hochberg,* 2 Cal.3d 870, 878 [87 Cal.Rptr. 681, 471 P.2d 1]; *People* v. *Chacon,* 69 Cal.2d 765, 773-775 [73 Cal.Rptr. 10, 447 P.2d 106, 94 A.L.R.3d 454].)

The judgment is affirmed.

Stephens, J., and Hastings, J., concurred.

[1]Counsel obviously refers to *Lucas* v. *Hamm,* 56 Cal.2d 583, 588-591 [15 Cal.Rptr. 821, 364 P.2d 685], and later cases applying its teaching.