[Civ. No. 44731. Second Dist., Div. Five. July 15, 1975.]

CHARLES R. NORTON, Plaintiff and Appellant, v.
LARRY L. HINES et al., Defendants and Respondents.

COUNSEL

Stephen E. Lawton and Edward L. Lascher for Plaintiff and Appellant.

Nordman, Cormany, Hair & Compton, Robert L. Compton and James D. Daeschner for Defendants and Respondents.

OPINION

**HASTINGS, J.**—The first alleged cause of action of plaintiff Norton's complaint is for damages for malicious prosecution against Frank Lind (Lind), and the second alleged cause of action thereof is for damages for "professional negligence" by Larry L. Hines, an attorney, and Nordman, Cormany, Hair & Compton, the unincorporated law firm of which Hines is a member (both Hines and the law firm will be identified collectively as "attorneys.") Attorneys' general demurrer to the second alleged cause of action of the complaint was sustained without leave to amend. Norton appeals from the order dismissing the action against attorneys.

### STATEMENT OF FACTS

Lind had sued Norton and another codefendant charging them, inter alia, with inducing a breach of a contract between Lind and the Oxnard

Community Hospital. Damages sought by Lind against Norton were in the amount of $900,000 plus costs and other monetary relief. Attorneys represented Lind. This action was pursued through the pretrial and discovery stages and was brought to trial in which Lind was allowed to present all evidence which might support his claim against Norton, at the end of which Lind rested, "conceding that he had no evidence to support the complaint against [Norton] and stating that the action had been pursued through trial merely in the hope that some common basis for the action would develop or turn up." Judgment pursuant to provisions of Code of Civil Procedure section 631.8 was thereupon rendered in Norton's favor.[1]

Norton's second cause of action alleges that he is in doubt as to whether the lawsuit against him was pursued by Lind upon advice of the attorneys after full disclosure and therefore joins the attorneys as alternative tortfeasors because of such uncertainty. To the extent that the attorneys did advise commencement and prosecution of the lawsuit against him after full disclosure of all the facts to them, such advice was given negligently and in violation of the standard of care for attorneys similarly situated. At the time of acting thus negligently, the attorneys foresaw, or, in the exercise of reasonable care would have foreseen, that such negligent advice would cause damages to a person in Norton's position, and to Norton in particular. Norton seeks general and special damages for negligence against attorneys.

The attorneys' general demurrer to the second cause of action was sustained without leave to amend apparently on the ground that it failed to state facts sufficient to constitute a cause of action.

ARGUMENT

On this appeal Norton contends that "an attorney owe[s] a duty to a foreseen third person to exercise reasonable care in advising his client to commence a lawsuit against that third person, when the attorney knows that his advice will in fact cause his client to commence that suit, that his client lacks probable cause to sue, and that the third person involved will thereby sustain damages."[2] Norton concedes this is a case of first impression.

---

[1] Lind did acquire judgment against the other codefendant.

[2] At oral argument before this court Norton's attorney stated that attorneys were not made defendants to the first cause of action (malicious prosecution) because he did not believe they acted maliciously, but only negligently.

Attorneys, in defending the trial court's action in sustaining the demurrer without leave to amend, rely on the traditional concept regarding this issue, namely, that there is no privity of contract between a lawyer and the injured third party, therefore a lawyer owes no duty to anyone other than his client.

Norton urges us to depart from the decisional law supporting the rule relied on by attorneys, and to apply what he calls a 20th-century concept of tort law, namely, that foreseeability of injury to a third party should be the determining factor and not privity of contract. He cites *Dillon* v. *Legg,* 68 Cal.2d 728, 739 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], which states: " '. . . foreseeability of risk [is] of . . . primary importance in establishing the element of duty.' [Citations.] . . . 'The risk reasonably to be perceived defines the duty to be obeyed.' [Citation.] . . . 'Duty, in other words, is measured by the scope of the risk which negligent conduct foreseeably entails.' " And *Diamond Springs Lime Co.* v. *American River Constructors,* 16 Cal.App.3d 581, 596-597 [94 Cal.Rptr. 200], where the court states: "Foreseeability of harm may be treated, alternatively, as one of the multiple factors giving rise to a duty of care; or as an element in the delineation of proximate cause. [Citations.] A defendant may be liable if his negligence is a substantial factor in causing the injury, and the presence of independent causal forces does not relieve him of liability if those forces were foreseeable. [Citations.] Except where there is no reasonable dispute over the issue, the foreseeability of harm arising from the defendant's conduct is a fact question for the jury. [Citations.]"

It is true, as Norton asserts, that in more recent times the strict requirement of privity of contract has been eased in certain well defined situations and the attorneys (and others) have been held liable for negligence to a third party. In California[3] the first case to recognize this concept was *Biakanja* v. *Irving,* 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358], where a notary public prepared a will for his "client," but negligently failed to have the will properly attested so that it was not admitted to probate. At page 650, the court stated: "The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the

[3]For a summary of California law on this subject see 45 A.L.R.3d, Attorneys-Liability to Third Parties, section 4, pages 1190-1195.

connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm."

Three years later the Supreme Court considered *Lucas* v. *Hamm*, 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685]. This case involved an attorney who, in drafting his client's will, had inadvertently drafted one provision so as to render it void, thereby damaging some of the beneficiaries. Although the attorney was not liable in this case because it involved the complex rule against perpetuities, the court stated that intended beneficiaries of a will could state a cause of action against a negligent attorney on the basis of a third party beneficiary contract.

Later, in *Heyer* v. *Flaig*, 70 Cal.2d 223 [74 Cal.Rptr. 225, 449 P.2d 161], the court reaffirmed its decision in *Lucas* v. *Hamm (supra)*.

In *Donald* v. *Garry*, 19 Cal.App.3d 769 [97 Cal.Rptr. 191, 45 A.L.R.3d 1177], an attorney, employed by a collection agency to bring an action for the collection of a debt owed to an individual, was held liable to the individual creditor when the collection proceeding was dismissed for lack of diligent prosecution by reason of the attorney's negligence. In this case the court held at page 771 that: "An attorney may be liable for damage caused by his negligence to a person *intended to be benefited by his performance* irrespective of any lack of privity of contract between the attorney and the party to be benefited. [Citation.] The liability sounds in tort." (Italics added.)[4]

In the case at bar a former litigant is suing adverse counsel. Clearly, an adverse party is not an intended beneficiary of the adverse counsel's client. If a cause of action exists against attorneys for the reasons alleged here, it must be pleaded as an action for malicious prosecution. We see no reason to extend applicable law now found in cases involving attorneys and third parties when there is sound and recognized public policy for limiting the cause of action to malicious prosecution under the facts as pleaded by Norton.

---

[4]A recent case decided by this court is noteworthy. It is *De Luca* v. *Whatley*, 42 Cal.App.3d 574 [117 Cal.Rptr. 63], which considers an attorney's duty of due care toward a third person in a criminal proceeding. Plaintiff alleged that the attorney, in representing a client charged with murder at a preliminary hearing, called plaintiff as a witness, knowing, or chargeable with knowledge, that plaintiff would incriminate himself on the stand. The trial court sustained a demurrer to the complaint and dismissed the action against the attorney. In affirming the court's order of dismissal, the court stated at page 576: "To state the problem is to decide this case. When an attorney defends a person accused of crime he has but one intended *beneficiary*—his client." (Italics added.)

Malicious prosecution is a specific tort that developed in the criminal field out of a need to adjust two highly important social interests. The first is the interest of society in the efficient enforcement of the criminal law, which requires that private persons who aid in the enforcement of the law should be given an effective protection against the prejudice which is likely to arise from the termination of the prosecution in favor of the accused. The second is to protect the individual citizen against unjustifiable and oppressive litigation of criminal charges, which involves pecuniary loss, distress and loss of reputation. (Rest., Torts, p. 380.) In general, the same considerations apply to wrongful initiation of civil proceedings. The courts are open to every citizen to sue, subject only to the penalty of lawful costs if the action is unsuccessful. (52. Am.Jur.2d, Malicious Prosecution, § 10, p. 193.)[5] Public policy requires that a large degree of freedom of access to the courts be accorded to all persons for the settlement of their private disputes. At the same time the courts can not be "used" by a person who sues another without probable cause and with malice. The tort of malicious prosecution is designed to place restraint on a would-be plaintiff while furnishing protection to a wrongfully sued defendant. It naturally follows that the same general principles should apply to the attorney representing the litigant initiating the action. The attorney owes a duty to his client to present his case vigorously in a manner as favorable to the client as the rules of law and professional ethics will permit. He is an advocate and an officer of the court. He is cognizant of the public policy that encourages his clients to solve their problems in a court of law.[6] In our opinion, when representing his client in the initiation of a lawsuit, he should not be judged by a different standard. This is exactly the concept urged by Norton. His

[5]It has been suggested that if costs are inadequate to compensate a harassed defendant, he should look to the legislature, not to the courts. Also, if recovery were allowed in such cases a defendant who sets up a groundless defense should likewise be penalized. (See 52 Am.Jur.2d, *supra,* p. 193.)

[6]Analogous to this issue, and stressing the public policy concept immunizing attorneys from liability in performing their duties are the following cases and citation from Restatement of the Law:

In *Smith* v. *Hatch,* 271 Cal.App.2d 39, at page 50 [76 Cal.Rptr. 350], the court stated: " 'The privilege of section 47, subdivision 2 of the Civil Code [relating to privilege of publications made in judicial proceedings] . . . is based on the desire of the law to protect attorneys in their primary function—the representation of a client. . . .' "

And in *Hollis* v. *Meux,* 69 Cal. 625 [11 P. 248], the court said at page 628: " 'This rule [against a libel action] . . . is founded upon public policy which requires that a judge, in dealing with the matter before him, counsel, in preferring or resisting a legal proceeding, and a witness, in giving evidence, oral or written, in a court of justice, shall do so with his mind uninfluenced by the fear of an action for defamation or a prosecution for libel. . . .' "

According to Restatement of Torts, section 586, an attorney is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course of, and as a

complaint verifies his belief that his only cause of action against Lind is for malicious prosecution (the first cause of action). Against attorneys, however, he proceeds on a cause of action for simple negligence which requires a different and less demanding standard of proof. We believe the public policy of favoring free access to our courts is still viable. However, if Norton's cause of action against attorneys for negligence is permitted, this policy will be subverted. The attorney must have the same freedom in initiating his client's suit as the client. If he does not, lawsuits now justifiably commenced will be refused by attorneys, and the client, in most cases, will be denied his day in court.[7]

We do not mean to say, or even imply, that attorneys can show a complete disregard for the rights of a prospective defendant. The law is to the contrary. In *Tool Research & Engineering Corp.* v. *Henigson,* 46 Cal.App.3d 675 [120 Cal.Rptr. 291], plaintiffs-appellants, successful defendants in a lawsuit brought against them by Southwestern, sued Southwestern's attorney, Henigson, and his law firm for malicious prosecution. The court stated on pages 683-684: "Appellants do not contend that evidence supporting Southwestern's claim against them was absent or that respondents' performance as lawyers was inadequate. Rather, they argue that respondents were required to weigh the evidence

---

part of, a judicial proceeding in which he participates as counsel, if it has some relation thereto.

Comment *a* states: "The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore the privilege is absolute."

Comment *a* further provides: "The institution of a judicial proceeding includes all pleadings and affidavits necessary to set the judicial machinery in motion. The conduct of the litigation includes the examination and cross-examination of witnesses, comments upon the evidence and arguments both oral and written upon the evidence, whether made to court or jury."

[7]Somewhat apropos to this case is a comment from the Restatement of Torts, *supra,* section 675, page 448, that reads as follows: "*d. Points of difference between criminal and civil proceedings.* In one particular a private prosecutor's reasonable belief in the guilt of the accused differs from the reasonable belief of one who initiates private civil proceedings against another. A private prosecutor does not have reasonable grounds for believing that the accused has conducted himself in a particular manner, if he merely entertains a suspicion even though he reasonably believes it may be verified upon further investigation (see Comment *c* on § 662). On the other hand, where the proceedings are civil, it is enough that the person initiating them believes that he can establish the existence of such facts to the satisfaction of the court and jury. In a word, the initiator of private civil proceedings need not have the same degree of certainty as to the relevant facts which is required of a private prosecutor of criminal proceedings. In many cases civil proceedings, to be effective, must be begun before the relevant facts can be ascertained to any degree of certainty. To put the initiator of such proceedings to a greater risk of liability would put an undesirable burden upon those whose rights cannot be otherwise effectively enforced."

for and against their clients and to proceed with their representation only if convinced that the trier of fact would accept the evidence in favor of the cause they represented. The argument is groundless. *It is the attorney's reasonable and honest belief that his client has a tenable claim that is the attorney's probable cause for representation*[8] [citations], and not the attorney's conviction that his client must prevail. The attorney is not an insurer to his client's adversary that his client will win in litigation. Rather, he has a duty 'to represent his client zealously . . . [seeking] any lawful objective through legally permissible means . . . [and presenting] for adjudication any lawful claim, issue, or defense.' (A.B.A. Code of Professional Responsibility, EC 7-1, DR 7-101(A)(1), discussed in 1 Witkin, Cal. Procedure (2d ed.) Attorneys, § 239.) *So long as the attorney does not abuse that duty by prosecuting a claim which a reasonable lawyer would not regard as tenable or by unreasonably neglecting to investigate the facts and law in making his determination to proceed,* his client's adversary has no right to assert malicious prosecution against the attorney if the lawyer's efforts prove unsuccessful." (Italics added.)

Although the attorneys prevailed in the above case because they acted with probable cause, the court correctly states that a cause of action for malicious prosecution exists if the attorney prosecutes a claim which a reasonable lawyer would not regard as tenable or proceeds with the action by unreasonably neglecting to investigate the facts and the law. This in substance is the gist of Norton's cause of action against attorneys. Norton specifically declined to amend his complaint to include attorneys in the first cause of action (malicious prosecution); therefore, the court was correct in sustaining the demurrer without leave to amend.

The judgment (order of dismissal) is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied July 31, 1975, and appellant's petition for a hearing by the Supreme Court was denied September 10, 1975.

---

[8]Business and Professions Code, section 6068, in pertinent part, is as follows: "It is the duty of an attorney: . . . (c) To counsel or maintain such actions, proceedings or defenses only as appear to him legal or just, except the defense of a person charged with a public offense."