[No. A022974. First Dist., Div. Five. May 30, 1986.]

ST. PAUL TITLE COMPANY, Cross-complainant and Appellant, v. RICHARD W. MEIER, Cross-defendant and Respondent.

COUNSEL

Tobin & Tobin, John L. Hosack, Scott A. Sommer, Jeffrey H. Belot and Craig M. Hughes for Cross-complainant and Appellant.

Richard W. Meier, in pro. per., and Diane M. Errante for Cross-defendant and Respondent.

OPINION

**HANING, J.**—Appellant St. Paul Title Company was the escrow agent in a real estate sale in which it was sued by the purchaser for breach of contract, based on the manner in which it implemented the escrow instructions. It cross-complained against Richard Meier, the purchaser's attorney, on the theory that he negligently advised his client concerning the drafting and formation of escrow instructions. The trial court entered summary judgment

on the cross-complaint in the attorney's favor, ruling that he owed no duty to the escrow agent.[1] We agree and affirm.

The gist of appellant's action is that it served as escrow agent in a real estate sales transaction wherein respondent's client was the purchaser. The purchaser sued appellant for disbursing escrow funds contrary to the escrow instructions. Appellant contends the instructions were confusing, and blames the confusion on respondent, who allegedly advised his client to render such instructions. Appellant contends the confusing instructions resulted from negligent advice given by respondent to his client.

The affidavits supporting and opposing respondent's motion for summary judgment do not contain any facts supporting a finding or any inference that appellant ever met, consulted with, received or relied upon any legal advice or opinion from respondent attorney, nor that appellant was ever aware of any communication between respondent and his client. It is undisputed that respondent did not act, nor purport to act as appellant's attorney.

As we have recited on numerous occasions, the rules for granting and reviewing summary judgment are well established and need no exhaustive recitation. (See, e.g., *Empire West* v. *Southern California Gas Co.* (1974) 12 Cal.3d 805, 808 [117 Cal.Rptr. 423, 528 P.2d 31]; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 274 et seq.) "The motion shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

An attorney's liability for professional negligence does not ordinarily extend beyond the client except in limited circumstances. In California, the attorney's duty to non-clients depends upon "a judicial weighing of the policy considerations for and against the imposition of liability under the circumstances. [Citations.]" (*Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 342 [134 Cal.Rptr. 375, 556 P.2d 737].) "[T]he determination whether in a specific case the [attorney] will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to [plaintiff], the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the [attorney's] conduct and the injury, and the policy of preventing future

---

[1]We are not dealing with allegations of fraud, deceit or any other cause of action except simple negligence, nor is it contended that the attorney represented the escrow agent or any party other than the purchaser.

harm. [Citation.]" (*Lucas* v. *Hamm* (1961) 56 Cal.2d 583, 588 [15 Cal.Rptr. 821, 364 P.2d 685].)

Thus, although California has modified the rule requiring privity of contract as a prerequisite to the imposition of liability against attorneys for the consequences of their professional negligence, the circumstances under which liability to third parties has been imposed are limited to situations wherein the third party is the intended beneficiary of the attorney's services, or the foreseeability of harm to the third party as a consequence of professional negligence is not outweighed by other policy considerations. For example, negligence in the drafting of testamentary instruments establishes a cause of action in the testator's intended beneficiaries on the theory that "[w]hen an attorney undertakes to fulfill the testamentary instructions of his client, he realistically and in fact assumes a relationship not only with the client but also with the client's intended beneficiaries." (*Heyer* v. *Flaig* (1969) 70 Cal.2d 223, 228 [74 Cal.Rptr. 225, 449 P.2d 161]; *Lucas* v. *Hamm, supra,* 56 Cal.2d 583.) Similarly, an attorney representing a trustee also assumes a duty of care toward the beneficiaries. (*Morales* v. *Field, DeGoff, Huppert & MacGowan* (1979) 99 Cal.App.3d 307, 316 [160 Cal.Rptr. 239]; *Bucquet* v. *Livingston* (1976) 57 Cal.App.3d 914, 921-922 [129 Cal.Rptr. 514].) Attorneys hired by their immediate clients to represent third parties are also liable to the third parties for the consequences of professional negligence. (*Lysick* v. *Walcom* (1968) 258 Cal.App.2d 136 [65 Cal.Rptr. 406, 28 A.L.R.3d 368].) In *Donald* v. *Garry* (1971) 19 Cal.App.3d 769 [97 Cal.Rptr. 191, 45 A.L.R.3d 1177], an attorney retained by a collection agency to file suit on a debt and who negligently caused the suit to be dismissed, was held liable to the creditor who assigned the debt for collection. In *Roberts* v. *Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104 [128 Cal.Rptr. 901], a law firm was held liable for negligent misrepresentation in furnishing a letter containing incorrect or misleading data to its client, knowing the letter would be shown to a prospective lender in order to obtain a loan.

However, attorneys have not been held to a duty of professional care toward adverse parties (*Omega Video Inc.* v. *Superior Court* (1983) 146 Cal.App.3d 470, 480-481 [194 Cal.Rptr. 574]; *Morales* v. *Field, DeGoff, Huppert & MacGowan, supra,* 99 Cal.App.3d at p. 318; *Parnell* v. *Smart* (1977) 66 Cal.App.3d 833, 837-838 [136 Cal.Rptr. 246]; *Norton* v. *Hines* (1975) 49 Cal.App.3d 917, 921 [123 Cal.Rptr. 237]; *Tool Research & Engineering Corp.* v. *Henigson* (1975) 46 Cal.App.3d 675, 683-684 [120 Cal.Rptr. 291]), toward those parties with whom the client dealt at arm's length (*Goodman* v. *Kennedy, supra,* 18 Cal.3d at p. 344), nor in any situation in which the imposition of such a duty would intrude upon the basic attorney-client relationship. (*Ibid.*; *Mason* v. *Levy & Van Bourg* (1978)

77 Cal.App.3d 60, 66-67 [143 Cal.Rptr. 389]; *De Luca* v. *Whatley* (1974) 42 Cal.App.3d 574 [117 Cal.Rptr. 63].)

It is a matter of common experience that real estate transactions carry the potential for conflict and litigation. The published reports of our appellate courts are filled with disputes arising from property sales, escrows and related matters. Consequently, an attorney representing a party in a real estate transaction owes an undivided duty to the immediate client. "To make an attorney liable for negligent confidential advice not only to the client who enters into a transaction in reliance upon the advice but also to the other parties to the transaction with whom the client deals at arm's length would inject undesirable self-protective reservations into the attorney's counselling role. The attorney's preoccupation or concern with the possibility of claims based on mere negligence (as distinct from fraud or malice) by any with whom his client might deal 'would prevent him from devoting his entire energies to his client's interests' [citation]. The result would be both 'an undue burden on the profession' [citation] and a diminution in the quality of the legal services received by the client. [Fn.]" (*Goodman* v. *Kennedy, supra,* 18 Cal.3d at p. 344.)

An escrow holder serves as the agent for both parties to a real estate sale, owes a fiduciary obligation to each, and is responsible to the principal for a violation of the escrow instructions. (*Diaz* v. *United California Bank* (1977) 71 Cal.App.3d 161, 168 [139 Cal.Rptr. 314]; 3 Witkin, Summary of Cal. Law (8th ed. 1973) Real Property, § 132.) The relationship between the escrow agent and the principal is contractual and, because of the dual agency and the obligation to all parties to the escrow, is entered into at arm's length. If anything, the escrow agent has superior bargaining power in arranging the relationship with the principal. (See, e.g., *Akin* v. *Business Title Corp.* (1968) 264 Cal.App.2d 153 [70 Cal.Rptr. 287].)

The conclusion we draw is that it is contrary to existing precedent and destructive of the attorney-client relationship to extend an attorney's duty of professional care to an escrow agent whom the attorney does not represent. The attorney's loyalty to the client's interests should not be divided in arm's length transactions which so clearly carry the potential for conflict. The attorney's advice to the client is certainly not intended to benefit the escrow agent. There is no reasonably foreseeable risk of harm to the escrow agent, even if the attorney should negligently advise the client. The agent's duty is simply to follow the instructions of both parties to the escrow. If they are ambiguous or conflicting, or there is disagreement over interpretation, the escrow agent may interplead the controversy, and should do so if it cannot be otherwise resolved. (See 3 Witkin, *op. cit. supra,* § 133.)

Judgment affirmed.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied June 25, 1986, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 13, 1986.