Filed 5/6/16  McCormick v. Nelson & Kennard CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JAMES MCCORMICK,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NELSON & KENNARD,<br><br>    Defendant and Respondent. | D067819<br><br><br>(Super. Ct. No. 37-2013-00080058-CU-PN-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

James McCormick, in pro. per., for Plaintiff and Appellant.

Nelson & Kennard, Robert Scott Kennard and Scott D. Dyle for Defendant and Respondent.

James McCormick appeals an order of dismissal following Nelson & Kennard's (Nelson) successful motion for judgment on the pleadings.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

McCormick filed suit against Nelson for negligence and negligence per se. As a basis for his claims, McCormick alleges that he was typing a response to an "unlawful" lawsuit filed by Nelson when he suffered a hemorrhagic stroke. Nelson answered the complaint, but subsequently filed a motion for judgment on the pleadings. McCormick filed a written opposition to the motion, and Nelson filed a reply.

The superior court issued a tentative ruling in favor of Nelson. After hearing oral argument, the court largely confirmed its tentative order in a minute order, granting Nelson's motion for judgment on the pleadings. The court found that the litigation privilege set forth in Civil Code section 47, subdivision (b) applied to McCormick's causes of action. The court observed, "As alleged, Plaintiff's stroke was caused by Defendant's initiation and prosecution of the underlying debt collection action. Thus, Defendant's acts on which this lawsuit is premised are absolutely privileged, and this action is barred in its entirety." The court, citing *Norton v. Hines* (1975) 49 Cal.App.3d 917, 921 (*Norton*), also noted that "an attorney's duty of care extends only to the beneficiary of the legal services provided, i.e., the attorney's client. . . . As no duty of

---

[1] An appellant's opening brief must provide "a summary of significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(2)(C).) Here, McCormick has not complied with this rule. Although this matter concerns a motion for judgment on the pleadings as to McCormick's complaint, he does not cite to the operative complaint and the motion for judgment on the pleadings does not appear in the clerk's transcript. In addition, there is no reporter's transcript for the hearing on the motion for judgment on the pleadings. Also, McCormick's opening brief contains minimal citations to the record. We provide a factual and procedural background consistent with what we were able to ascertain from a somewhat scanty record.

care exists, as a matter of law, Plaintiff's causes of action for negligence are fatally defective on this basis as well."

McCormick timely appealed.

## DISCUSSION

Initially, we observe that McCormick, as an in propria persona litigant, is "entitled to the same, but no greater, rights than represented litigants and [is] presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

On appeal, the judgment of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) All intendments and presumptions are made to support the judgment on matters as to which the record is silent. (*Ibid*.)

An appellant has the burden to provide an adequate record and affirmatively show reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (*Ballard*).) Further, it is the appellant's duty to support arguments in his or her briefs by references to the record on appeal, including citations to specific pages in the record. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) "Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone*).)

3

Judgment on the pleadings is similar to a demurrer and is properly granted when the "complaint does not state facts sufficient to constitute a cause of action against [the] defendant." (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii); *Shea Homes Limited Partnership v. County of Alameda* (2003) 110 Cal.App.4th 1246, 1254.) We independently review the superior court's ruling on a motion for judgment on the pleadings to determine whether the complaint states a cause of action. In so doing, we accept as true the plaintiff's factual allegations and construe them liberally. (*Rolfe v. California Transportation Com.* (2002) 104 Cal.App.4th 239, 242-243.) If a judgment on the pleadings is correct upon any theory of law applicable to the case, we will affirm it regardless of the considerations used by the superior court to reach its conclusion. (*Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216.)

McCormick alleges causes of action for negligence and negligence per se based on Nelson representing a party that previously filed a lawsuit against McCormick.[2] The court found the litigation privilege set forth in Civil Code section 47, subdivision (b) barred these claims. McCormick does not address this issue or otherwise explain why the court's ruling was in error. Nor does he offer any additional facts he could allege to overcome this flaw. These shortcomings are fatal to McCormick's appeal. (See *Falcone*, *supra*, 164 Cal.App.4th at p. 830.)

In addition, even if the litigation privilege does not apply, McCormick fails to show how he has alleged or can allege the elements of negligence or negligence per se.

---

[2]    Nelson's previously filed complaint against McCormick on which McCormick bases his causes of action is not in the record.

4

The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury. (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917-918.) McCormick provides no argument regarding how his allegations satisfy any of these elements. Nor does he offer any additional facts he could plead to state a valid negligence cause of action. Moreover, it appears McCormick is suing the law firm who represented a party that previously sued McCormick. McCormick offers no explanation regarding what duty of care opposing counsel owed him in the previous lawsuit. (See *Norton, supra*, 49 Cal.App.3d at p. 921 [affirming judgment following a demurrer filed by a former litigant suing adverse counsel from a previous case, finding adverse counsel did not owe a duty of care to the former litigant].)

McCormick's negligence per se claim fares no better. Negligence per se can be shown if the plaintiff establishes four elements: (1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation caused the plaintiff's injury; (3) the injury resulted from an occurrence the statute or regulation was designed to prevent; and (4) the plaintiff was one of the class of persons the statute or regulation was designed to protect. (*Daum v. SpineCare Medical Group, Inc.* (1997) 52 Cal.App.4th 1285, 1306; Evid. Code, § 669, subd. (a)(1)-(4).) Here, McCormick does not offer any argument that he has or can state the elements for negligence per se. Indeed, he points to no statute, ordinance, or regulation Nelson violated.

In summary, McCormick has failed to carry his burden to provide an adequate record and affirmatively show reversible error. (*Ballard, supra*, 41 Cal.3d at p. 574.)

DISPOSITION

The order is affirmed.  The parties are to bear their own costs on appeal.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

BENKE, J.