**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

RICHARD K. SCHULTZE; LORENZO V. ZUNINO; ROBERT BECCHETTI; RICHARD QUESTONI,

*Appellants*,

v.

DAVID N. CHANDLER, SR.; DAVID N. CHANDLER, P.C.,

*Appellees*.

No. 12-15186

D.C. No. 3:11-cv-04940-WHA

ORDER AND AMENDED OPINION

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted
December 4, 2013—San Francisco, California

Filed July 18, 2014
Amended August 1, 2014

Before: Stephen S. Trott, Sidney R. Thomas,
and Mary H. Murguia, Circuit Judges.

Order;
Opinion by Judge Thomas

## SUMMARY[*]

### Bankruptcy

The panel filed (1) an order amending its opinion filed July 18, 2014, and (2) an amended opinion affirming the district court's affirmance of the bankruptcy court's dismissal of a malpractice action against an attorney for an unsecured creditors' committee.

The panel held that the bankruptcy court properly exercised jurisdiction over the legal malpractice action after its removal from state court because the action was a core proceeding. Agreeing with other circuits, the panel held that a post-petition claim brought against a court-appointed professional is a core proceeding. The panel held that this lawsuit fell easily within the definition of a core proceeding because the attorney's employment by the committee and compensation were approved by the bankruptcy court, his duties pertained solely to the administration of the bankruptcy estate, and the claim asserted by committee members was based solely on acts that occurred in the administration of the estate.

The panel stated that it need not decide whether the bankruptcy court's entry of final judgment was invalid under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), because the bankruptcy court dismissed the complaint for failure to state a claim, and the district court reviewed this dismissal de

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

novo. As such, plaintiffs received all the review Article III requires.

The panel held that the bankruptcy court correctly dismissed the action on the basis that the attorney represented only the committee and did not owe an individual duty of care to the committee members.

## COUNSEL

Paul A. Frassetto (argued), Frassetto Law Offices, San Francisco, California, for Appellants.

James A. Murphy (argued) and Arthur J. Harris, Murphy, Pearson, Bradley & Feeney, San Francisco, California, for Appellees.

## ORDER

The opinion filed July 18, 2014, is amended as follows: Footnote 1 is deleted in its entirety and the following language inserted in lieu thereof:

> We need not decide whether the bankruptcy court's entry of final judgment was invalid under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), because in this case, the bankruptcy court dismissed Chandler's complaint for failure to state a claim, and the district court reviewed this dismissal de novo. *See Schultze v. Chandler*, No. C 11-4940 WHA, 2011 WL 6778823, at *2–3 (N.D. Cal. Dec. 27, 2011).

As such, Plaintiffs received all the review Article III requires. *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 134 S. Ct. 2165, 2175 (2014).

**IT IS SO ORDERED.**

---

**OPINION**

THOMAS, Circuit Judge:

In this appeal, we consider whether the bankruptcy court properly exercised jurisdiction over a malpractice action against an attorney for the unsecured creditors' committee and correctly dismissed the claim. We affirm.

I

Plaintiffs Richard Schultze, Lorenzo Zunino, Robert Becchetti, and Richard Questoni were investors in Colusa Mushroom, Inc. ("Colusa"), a California company that grew mushrooms for commercial sale. The business did not flourish, and the company filed a voluntary petition in bankruptcy under Chapter 11. The bankruptcy court appointed an unsecured creditors' committee ("Committee") pursuant to 11 U.S.C. § 1102, consisting of Plaintiffs, two other individuals, and one business entity. Pursuant to 11 U.S.C. § 1103(a), the Committee filed an application for permission to employ David Chandler as counsel for the Committee, and the court issued an order authorizing his employment.

Eventually, the court approved a plan of reorganization under which Colusa would sell its business and assets to a third party, Premier Mushroom, LP ("Premier"). All unsecured creditors, including Plaintiffs, were to receive pro rata shares of the sale proceeds. Under the terms of the sale, Premier paid a down payment and executed a promissory note for payment of the remainder of the sales price. Premier was to make three annual payments of $100,000 and a final balloon payment of $1,022,453.

The note was to be secured by a deed of trust on real property and a secured interest on personal property, junior to three other liens. Attorneys for Colusa and Premier, not Chandler, conducted the closing. Following the closing of the sale, the court entered a final decree and administratively closed the bankruptcy.

Premier paid the initial installments as provided by the terms of the note but defaulted four years later. Plaintiffs then learned that Colusa's counsel had failed to file the financing statements necessary to perfect the estate's junior security interest in the personal property. Because the security interest was not perfected, Premier was able to take out additional loans on and over-encumber Colusa's assets. Thus, the net recovery from the assets as a result of Premier's default was significantly less than it would have been had the security interest been perfected.

Subsequently, Plaintiffs commenced this action against Chandler and his law firm in state court for legal malpractice, alleging that Chandler was negligent in the performance of his duties as counsel to the Committee because he failed to ensure that Colusa's attorney properly perfected the security interest.

The Colusa bankruptcy was reopened on March 31, 2011, and converted to Chapter 7, which dissolved the Committee. Chandler then removed the malpractice action to federal bankruptcy court.  Plaintiffs moved to remand the action to state court, but the bankruptcy court found that it had federal jurisdiction for the malpractice action and denied the motion. Chandler filed a 12(b)(6) motion to dismiss on the basis that, *inter alia*, he owed no duty to Plaintiffs individually because he represented the committee as a whole, not its individual members.  The bankruptcy court granted Chandler's motion, concluding that Chandler did not owe a duty to Plaintiffs individually.  The bankruptcy court issued an order approving a settlement on Premier's obligations and negating any future payments on Plaintiffs' claims.

Plaintiffs appealed the bankruptcy court's dismissal to the district court.  The district court affirmed.  This timely appeal followed.

II

The district court properly concluded that the bankruptcy court had jurisdiction over the removed legal malpractice action because it was a core proceeding.[1]  A bankruptcy court has jurisdiction over "all civil proceedings arising under title

---

[1] We need not decide whether the bankruptcy court's entry of final judgment was invalid under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), because in this case, the bankruptcy court dismissed Chandler's complaint for failure to state a claim, and the district court reviewed this dismissal de novo.  *See Schultze v. Chandler*, No. C 11-4940 WHA, 2011 WL 6778823, at *2–3 (N.D. Cal. Dec. 27, 2011).  As such, Plaintiffs received all the review Article III requires.  *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 134 S. Ct. 2165, 2175 (2014).

11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see also id.* at § 157(b)(1).

"[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995). A nonexhaustive list of core proceedings is set out in 28 U.S.C. § 157, which includes "matters concerning the administration of the estate." *Id.* at § 157(b)(2)(A). The list also includes "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." *Id.* at § 157(b)(2)(O).

Core proceedings arising in title 11 are matters "that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Harris Pine Mills*, 44 F.3d at 1435 (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). In *Harris Pine Mills*, we held that a post-petition state-law claim against a bankruptcy trustee arising out of the sale of estate property was a core proceeding. *Id.* at 1438. Similarly, in *Walsh v. Northwestern National Insurance Co. of Milwaukee, Wisconsin (In re Ferrante)*, 51 F.3d 1473, 1476 (9th Cir. 1995), we held that a post-petition breach of fiduciary claim against a trustee was a core proceeding.

In contrast, where the post-petition proceeding involves rights unconnected to the bankruptcy, we have declared the proceeding noncore. *See, e.g.*, *Eastport Assocs. v. City of L.A. (In re Eastport Assocs.)*, 935 F.2d 1071, 1076 (9th Cir. 1991) (noncore proceeding where developer debtor brought post-petition claim for declaratory relief against city

concerning the effect of state law on subdivision proposal); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.*), 912 F.2d 1162, 1168 (9th Cir. 1990) (noncore proceeding where mobile home park residents brought pre-petition class action suit against debtor).

Where a post-petition claim was brought against a court-appointed professional, we have held the suit to be a core proceeding. *Ferrante*, 51 F.3d at 1476 (core proceeding where successor trustee brought breach of fiduciary duty claim against predecessor trustee); *Harris Pine Mills*, 44 F.3d at 1438 (core proceeding where state-law claim was brought against trustee). All of our sister circuits are in accord. *Baker v. Simpson*, 613 F.3d 346, 350 (2d Cir. 2010) (core proceeding where debtor brought malpractice claim against bankruptcy counsel); *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003) (same); *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 932 (5th Cir. 1999) (core proceeding where debtor brought state-law claim against court-appointed accountant for its examiner); *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1244 (3d Cir. 1994) (core proceeding where debtor brought malpractice claim against bankruptcy counsel); *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 n.4 (6th Cir. 1992) (where debtor brought claim against trustee and lender, core proceeding against trustee but not against lender).

*Southmark Corp.* explained the rationale:

> A *sine qua non* in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries, whether trustees or debtors-in-possession and other court-appointed professionals, who are

responsible for managing the debtor's estate in the best interest of creditors. The bankruptcy court must be able to assure itself and the creditors who rely on the process that court-approved managers of the debtor's estate are performing their work, conscientiously and cost-effectively. Bankruptcy Code provisions describe the basis for compensation, appointment and removal of court-appointed professionals, their conflict-of-interest standards, and the duties they must perform. *See generally* 11 U.S.C. §§ 321, 322, 324, 326–331.

163 F.3d at 931.

In this case, the employment of Chandler by the Committee was approved by the bankruptcy court and governed by 11 U.S.C. § 1103. Chandler's compensation was also approved by the court and governed by 11 U.S.C. §§ 328, 330, 331. His duties pertained solely to the administration of the bankruptcy estate. The claim asserted by Plaintiffs was based solely on acts that occurred in the administration of the estate. Therefore, the lawsuit falls easily within the definition of a core proceeding.

Plaintiffs argue that their action cannot be a core proceeding because it is predicated on state law. However, the governing statute clearly states that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

Plaintiffs also argue that their claim does not invoke any right created by federal bankruptcy law and it does not affect, or even involve, the administration of Colusa's estate. However, "arising in" jurisdiction does not require that the matter be "based on any right expressly created by title 11." *Marshall v. Stern (In re Marshall)*, 600 F.3d 1037, 1055 (9th Cir. 2010) (internal quotation marks omitted). Instead, the matter must "have no existence outside of the bankruptcy" case. *Id.* (internal quotation marks omitted). That is the case here. The basis for the claim occurred within the administration of the estate. Any alleged duties arose from obligations created under bankruptcy law. The claims have effectively called into question the administration of the estate. Thus, this particular legal malpractice claim is inseparable from the bankruptcy case.

Plaintiffs argue that the claim will not affect estate administration. But the key inquiry is not whether the claim will affect the administration of the bankruptcy, but instead whether the claim arose in a case under title 11. *Baker*, 613 F.3d at 350. Additionally, courts have been less concerned with the identity of the party bringing the claim and more concerned with the identity and function of the party against whom the claim is brought. *Southmark Corp.*, 163 F.3d at 931.

For these reasons, we conclude that the district court correctly determined that the bankruptcy court had jurisdiction over the lawsuit as a core proceeding and that the bankruptcy court did not err in denying the remand motion.**[2]**

---

**[2]** Plaintiffs argue in the alternative that the bankruptcy court should have abstained from hearing the case under the permissive abstention statute, 28 U.S.C. § 1334(c)(1). However, we lack jurisdiction to review that

III

The district court correctly concluded that the bankruptcy court did not err in dismissing the complaint because Chandler did not owe an individual duty of care.

In bankruptcy, "[a] professional retained by a committee represents the committee and only the committee, and the professional's fiduciary duty runs solely to the committee." 7 *Collier on Bankruptcy* 1103.03[7] (16th ed.). Here, Chandler was appointed by the bankruptcy court to represent the Committee, the written agreement was between Chandler and the Committee, and he was paid for his role as counsel for the Committee. In short, Chandler was not acting as attorney for Plaintiffs. Moreover, the Committee was not involved in the negotiated sale. In his capacity as counsel for the Committee, Chandler was not charged with the duty of recording the financing statement, nor was it his right to do so; that duty fell to Colusa's attorney.

It is true that in California, privity of contract is not required to maintain a legal malpractice action. *Donald v. Garry*, 97 Cal. Rptr. 191, 192 (Ct. App. 1971). The determination of liability involves the balancing of various factors. *Biakanja v. Irving*, 320 P.2d 16, 19 (Cal. 1958). The bankruptcy court balanced those factors, and we find no error in the bankruptcy court's analysis.

---

decision. *Id.* at § 1334(d) ("Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title . . . ."); *Baker*, 613 F.3d at 352.

## IV

The district court properly concluded that the bankruptcy court properly exercised jurisdiction over the malpractice claim and correctly dismissed the case on the merits.

**AFFIRMED.**