
**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1312-KuTaS |
| C&M RUSSELL, LLC, | Bk. No. 2:11-bk-53845-RK |
| Debtor. | Adv. No. 2:16-ap-01577-RK |
| MATTIE BELINDA EVANS, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| ALAN G. TIPPIE; SULMEYERKUPETZ, a professional corporation, | |
| Appellees. | |

Submitted Without Argument[**] on July 18, 2019
at Pasadena, California

Filed – July 30, 2019

Appeal from the United States Bankruptcy Court

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] By order entered on June 3, 2019, a motions panel determined these appeals suitable for submission on the briefs and record without oral argument.

for the Central District of California

Honorable Robert N. Kwan, Bankruptcy Judge, Presiding

Appearances:  Appellant Mattie Belinda Evans pro se on brief;  David J. Richardson of SulmeyerKupetz on brief for appellees, Alan G. Tippie and SulmeyerKupetz

Before: KURTZ, TAYLOR, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 11[1] debtor, C&M Russell, LLC (C&M), sold its assets, paid its undisputed creditors in full, and filed a motion to dismiss its case. The bankruptcy court granted C&M's motion and the case closed in late 2012. Per the dismissal order, the remaining sale proceeds were held in trust pending the outcome of state court litigation with a disputed creditor. The litigation resolved in favor of C&M, and the proceeds were turned over to it in November 2016.

Shortly after, Mattie Belinda Evans, individually and as Chief Executive Manager as Real Party in Interest for C&M, filed a malpractice action in the state court against Alan G. Tippie, and his law firm SulmeyerKupetz, APC (SulmeyerKupetz) (collectively, Defendants) in

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

connection with legal services performed for C&M during its bankruptcy case (State Court Action). Defendants removed the action to the bankruptcy court, arguing that it had jurisdiction over the claims alleged under 28 U.S.C. § 1334. Ms. Evans filed a motion to remand, which the bankruptcy court denied. Defendants then filed a motion for summary judgment (MSJ), asserting that claim and issue preclusion applied to the claims. Ms. Evans filed a motion for judgment on the pleadings. The bankruptcy court granted Defendants' MSJ, denied Ms. Evans' motion for judgment on the pleadings, entered judgment in favor of Defendants, and dismissed all claims with prejudice. Ms. Evans appeals from these rulings. We AFFIRM.

## FACTS

### A.    The Bankruptcy Proceeding

C&M filed its chapter 11 petition in October 2011. At the time, C&M owned and managed five multi-residential properties. Ms. Evans was the managing member of C&M.

In February 2012, the bankruptcy court approved C&M's application to employ SulmeyerKupetz as general bankruptcy counsel. Mr. Tippie was lead counsel.

In May 2012, SulmeyerKupetz filed its first application for compensation. Ms. Evans filed a declaration in support of the request stating that she had no objections and asking that all professional fees and

costs be approved in full.

During the bankruptcy case, resolution was reached with the secured creditors and C&M's properties were sold. The sale proceeds were used to pay all of C&M's creditors in full, except for one disputed creditor whose claim was the subject of ongoing litigation in state court.

In August 2012, C&M moved to dismiss its case. In October 2012, the bankruptcy court granted the motion and SulmeyerKupetz's employment terminated. In the order dismissing the case (Dismissal Order), certain distributions were authorized and the balance of the sale proceeds were placed in SulmeyerKupetz's client trust account pending the outcome of the litigation with the disputed creditor. The bankruptcy court retained jurisdiction to hear and determine applications for compensation for services rendered by professionals employed by order of the bankruptcy court, including SulmeyerKupetz.

Thereafter, SulmeyerKupetz sought approval of its amended second and final fee application. Ms. Evans again filed a declaration in support of the application. The bankruptcy court approved the application in its entirety.

On December 17, 2013, the bankruptcy case was closed.

In February 2016, the litigation in state court with the disputed creditor was finalized in favor of C&M. The sale proceeds held in trust were turned over to C&M in November 2016.

**B. The Malpractice Lawsuit**

On November 30, 2016, Ms. Evans filed a complaint in the Superior Court for the County of Los Angeles against Defendants seeking over $10,000,000 in damages, and alleging claims for legal malpractice, intentional and negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, civil conspiracy, racism, fraud and fraudulent inducement, and intentional and negligent infliction of emotional distress. Ms. Evans asserted these claims in her individual capacity and as the chief executive manager of C&M and Trustee of the Mattie B. Evans Family Trust. The caption page of the complaint listed C&M's bankruptcy case as a related case, and made a demand for a jury trial.

All of the allegations in Ms. Evans' complaint related to Defendants' legal services provided during C&M's chapter 11 case one way or another. Her claim for racism was based on the bankruptcy judge's alleged bias. Ms. Evans complained that C&M's properties were sold instead of reorganized, and alleged that she was not informed about the dismissal of C&M's case. She further alleged Defendants wrongfully withheld funds in their client trust account and did not release the funds until February 2016. According to Ms. Evans, she was in a vulnerable financial position and unable to timely make monthly payments on her home mortgage, resulting in a Notice of Default and Intent of Sale being filed by her lender. She was

forced to borrow $87,000 from a hard money lender to save her home.

In December 2016, Defendants filed a notice of removal, arguing that the bankruptcy court had jurisdiction over the State Court Action under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (B), and (C) because the allegations in the complaint concerned the administration of the estate and claims against C&M's bankruptcy counsel for work performed during the bankruptcy case.

Ms. Evans filed a motion to remand the action to the state court. She argued that remand was appropriate because there was no basis for the bankruptcy court to exercise jurisdiction over the claims alleged in her complaint as they were based on state law. She maintained that Defendants were California attorneys subject to discipline by independent judges dedicated to ruling on disciplinary matters. Ms. Evans further argued that there was no federal subject-matter jurisdiction over a legal malpractice dispute citing *Gunn v. Minton*, 133 S.Ct. 105 (2013). According to Ms. Evans, Defendants were also barred by the doctrine of waiver from removing the case to federal court based on their actions in directly invoking the state court's jurisdiction.[2] She requested fees and costs under 28 U.S.C. § 1447(c)[3]

---

[2] It is not exactly clear what actions Ms. Evans was referring to. It appears that she had filed a series of complaints against Defendants in the state court. The first complaint, which Defendants maintain was identical to the removed complaint, was filed on August 23, 2016 (First Action). Defendants filed a demurrer to that complaint on essentially the same grounds that they asserted in the bankruptcy court seeking

(continued...)

as a result of Defendants' removal.

In opposition, Defendants maintained that the bankruptcy court had jurisdiction over the issues raised in Ms. Evans' complaint because they related to C&M's bankruptcy case and affected administration of the estate. They also pointed out that the bankruptcy court specifically retained jurisdiction to "hear and consider final fee applications of professionals employed by [C&M] under 11 U.S.C. § 330" in the Dismissal Order. Defendants further argued that claim and issue preclusion barred Ms. Evans' malpractice claims against them under the holdings in *Osherow v. Ernst & Young, LLP (In re Intelogic Trace, Inc.)*, 200 F.3d 382, 386-88 (5th Cir. 2000) (claims against accountants for bankruptcy estate are barred by order approving fee application); *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (claims against former

---

[2](...continued)
dismissal of Ms. Evans' complaint in their motion to dismiss. Prior to the hearing on their demurrer in the state court, Ms. Evans filed an amended complaint. She then voluntarily dismissed the First Action. Fourteen days later, she filed the complaint at issue in this proceeding.

[3] 28 U.S.C. § 1447 (c) is a general remand statute which also applies in bankruptcy cases and states in relevant part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). . . . An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . .

bankruptcy counsel barred by order approving fee applications); and *Iannochino v. Rodolakis (In re Iannochino)*, 242 F.3d 36, 49 (1st Cir. 2001) (res judicata bars lawsuit for claims that could have been raised as an objection to final fee application in bankruptcy).

Finally, Defendants argued that the factors considered for equitable remand all favored the bankruptcy court's continuing jurisdiction. They asserted that remand would not promote judicial economy and that the removal did not create a less convenient forum. Defendants also contended that Ms. Evans' racism claim arose under the Constitution and thus was "certainly not within the purview of the state courts."

On January 31, 2017, the bankruptcy court issued its memorandum decision and order denying Ms. Evans' motion to remand. The court found that it had "related to" jurisdiction over the claims in the removed action because they arose out of Defendants' acts in their representation of C&M. The court observed that it had supervisory oversight over Defendants' employment and compensation during the pendency of the bankruptcy case. The court also found that *Gunn v. Minton* was inapplicable. In *Gunn*, the United States Supreme Court held that the Texas Supreme Court erred in holding that the federal courts had exclusive jurisdiction over a legal malpractice claim arising out of a federal patent case, and further held that the claim was not subject to "exclusive" jurisdiction of the federal courts. The bankruptcy court noted that the Supreme Court did not hold that the

federal courts had no jurisdiction at all. 133 S.Ct. at 1065-1069.

The court then considered whether remand was appropriate on any "equitable ground" including:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *Fed. Home Loan Bank of Chicago v. Banc of Am. Securities LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011) (citations omitted).

In applying these factors, the bankruptcy court found that they were mixed, as some favored remand, some were neutral, and others favored removal. In the end, the court relied on the fact that Ms. Evans' claims against Defendants arose out of their professional services performed during C&M's bankruptcy case and thus were directly related to the

9

administration of C&M's estate. The court opined that the burden would be greater on the state court to hear Ms. Evans' claims since the bankruptcy court had supervised the bankruptcy case in which the disputed professional services were performed, and had reviewed Defendants' fee applications and awarded them fees.

Finally, the court noted that while comity favored remand to the state court because state law was involved, it determined that comity was offset by the bankruptcy court's interest in the supervision of matters of administration of the bankruptcy estate in cases before it. As to Ms. Evans' right to a jury trial, the bankruptcy court found that her right could be honored with consent or, absent consent, by trial in the District Court.

The bankruptcy court denied Ms. Evans' motion to remand. Ms. Evans filed a motion for reconsideration, which the court denied.

## C. Defendants' Motion for Summary Judgment

Defendants subsequently filed its MSJ seeking dismissal of all claims based on claim and issue preclusion. Ms. Evans filed a motion for judgment on the pleadings.

In February 2018, the bankruptcy court issued its Statement of Uncontroverted Facts and Conclusions of Law on Defendants' Motion for Summary Judgment. The court found that Ms. Evans did not have standing to assert any claims against Defendants that required the existence of an attorney-client relationship as the uncontroverted facts showed that she did

not have an attorney-client relationship with them. The court also found that all her claims were based upon the services that were provided by Defendants to C&M and therefore any issue as to the services rendered were merged into the bankruptcy court's orders approving the fees for such services.

According to the bankruptcy court, the undisputed facts showed that if C&M had any objection to Defendants' fees before they were approved, it had sufficient opportunity to object to them. Further, because the court's order approving Defendants' final fee application was a final adjudication of the fees owed to Defendants, claim preclusion applied to bar any claims of C&M and anyone else against Defendants for legal malpractice and breach of fiduciary duty. The court also decided that there was no cause of action for civil conspiracy or racism based on the uncontroverted facts.

The bankruptcy court granted Defendants' MSJ on each claim in Ms. Evans' complaint and dismissed the adversary proceeding with prejudice. By separate order, the bankruptcy court denied Ms. Evans' motion for judgment on the pleadings.

On February 16, 2018, the bankruptcy court entered a judgment which granted Defendants' MSJ, denied Ms. Evans' motion for judgment on the pleadings, and dismissed all claims with prejudice. Ms. Evans filed a timely appeal from the judgment.

11

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion by denying Ms. Evans' motion to remand the State Court Action.

## STANDARDS OF REVIEW

We review the bankruptcy court's remand order for abuse of discretion. *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1111–12 (9th Cir. 2001). A bankruptcy court abuses its discretion if it applies the wrong legal standard or misapplies the correct legal standard, or if its factual findings are clearly erroneous. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

The existence of subject matter jurisdiction is a question of law reviewed de novo. *See Atwood v. Fort Peck Tribal Ct. Assiniboine*, 513 F.3d 943, 946 (9th Cir.2008). Findings of fact relevant to the bankruptcy court's determination of subject matter jurisdiction are reviewed for clear error. *See Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 984 n.7 (9th Cir. 2004). A factual finding is clearly erroneous if illogical, implausible, or without support in the record. *TrafficSchool.com, Inc.*, 653 F.3d at 832.

We may affirm the decision of the bankruptcy court on any basis supported by the record. *See Hooks v. Kitsap Tenant Support Servs., Inc.*, 816

12

F.3d 550, 554 (9th Cir. 2016).

**DISCUSSION**

**A.    Scope of the appeal**

Ms. Evans' notice of appeal (NOA) designates the orders granting Defendants' MSJ and denying her motion for judgment on the pleadings as the orders on appeal. However, her opening brief solely addresses the bankruptcy court's denial of her motion to remand.

Defendants complain that the order denying her motion to remand was not designated in her NOA. They further contend that Ms. Evans filed copies of six transcripts from the bankruptcy case, but those transcripts do not pertain to the hearings at which the bankruptcy court considered and then denied her motion to remand. According to Defendants, without the transcripts relating to the remand, we cannot properly conduct the applicable "abuse of discretion" review and thus dismissal of this appeal or summary affirmance is proper.

Against this background, we consider the scope of this appeal and whether dismissal or summary affirmance is proper.

Although Ms. Evans did not designate the order denying her motion to remand in her NOA, denial of a motion to remand is an interlocutory order. She was not required to seek interlocutory review of the denial of her motion to remand in order to preserve the issue on appeal. Instead, Ms. Evans' appeal of the final judgment in this matter drew in the denial of

13

her motion to remand. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000) ("An appeal from a final judgment draws in question all earlier, non-final orders and rulings which produced the judgment.") (internal quotation marks and citation omitted); *Roque v. Yniguez (In re Roque)*, BAP No. EC-13-1048-KiPaJu, 2014 WL 351424, at *5 (9th Cir. BAP Jan. 31, 2014) ("Consequently, the [earlier interlocutory orders] merged into the final MSJ Order. As such, they can be challenged on appeal. This is true even though these orders were not designated in [appellant's] notice of appeal."). Accordingly, the bankruptcy court's denial of Ms. Evans motion to remand is properly before us.

Further, while Defendants contend that we should consider dismissal or summary affirmance due to the absence of the transcripts pertaining to remand, we have cautioned that the "appellee stands on tenuous footing when arguing that a record is too incomplete to permit appellate review because while the assembly of the record is appellant's duty, appellate rules allow appellees to participate in the designation of portions of transcripts and other parts of the record." *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 394 (9th Cir. BAP2004), *aff'd*, 170 F. App'x 457 (9th Cir.2006) (citations omitted). Likewise, an appellee is authorized to file excerpts of record in an appendix "which contains material required to be included by the appellant but omitted by appellant." *Id.* (citing Rule 8009(b)).

In any event, we have discretion to dismiss an appeal or summarily

affirm a bankruptcy court's ruling if the appellant does not provide a sufficient record to enable us to conduct an informed review. *Id.* at 393. "We will exercise our discretion to examine what record we have been provided. In doing so, we look for any plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did. If we find any such basis, then we must affirm." *McCarthy v. Marth-Helen Prince (In re McCarthy)*, 230 B.R. 414, 418 (9th Cir. BAP 1999). We conclude that we can conduct an informed review with the record provided.

Lastly, we are mindful of Ms. Evans' pro se status and have thus liberally construed her pleadings. *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883 (9th Cir. BAP 1995). But even under a liberal construction, we discerned no specific or distinct legal arguments in her opening brief alleging any errors in connection with the grant of Defendants' MSJ or the denial of her motion for judgment on the pleadings. Accordingly, those arguments are waived. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, ALF-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief."); *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (If an argument is not properly argued and explained, the argument is waived).

In the end, the only issue before us is whether the bankruptcy court abused its discretion in denying Ms. Evans' motion to remand.

15

## B. Removal: Jurisdiction of the Bankruptcy Court

The removal of claims related to bankruptcy cases is governed by 28 U.S.C. § 1452(a) which provides:

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Cal.ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *amended by* 387 F.3d 966 (9th Cir. 2004); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990) (The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"The removal statute, 28 U.S.C. § 1452(a), expressly refers to the bankruptcy court's subject matter jurisdiction under 28 U.S.C. § 1334, and also refers to removal to the 'district where such civil action is pending.' Therefore, proper removal must always, initially, involve the establishment of jurisdiction through the filing of a petition, and those acts are intertwined." *Miller v. Cardinale (In re Deville)*, 280 B.R. 483, 496 (9th Cir.

BAP 2002).

Here, once C&M filed its bankruptcy petition, the bankruptcy court's subject matter jurisdiction attached under 28 U.S.C. § 1334(a). *Sundquist v. Bank. of Am. (In re Sundquist)*, 576 B.R. 858, 871 (Bankr. E.D. Cal. 2017). Bankruptcy jurisdiction also extends to cases under title 11, and to civil proceedings arising under title 11 or arising in or related to cases under title 11. *See* 28 U.S.C. § 1334(b). Post-petition claims against court-appointed professionals are considered core proceedings "arising in title 11." *See Schultze v. Chandler*, 765 F.3d 945, 948-49 (9th Cir. 2014) (citing *Walsh v. Nw. Nat'l Ins. Co. of Milwaukee, Wis. (In re Ferrante)*, 51 F.3d 1473, 1476 (9th Cir. 1995)(post-petition breach of fiduciary claim against a trustee was a core proceeding) and *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1438 (9th Cir. 1995)(post-petition state-law claim against a bankruptcy trustee arising out of the sale of estate property was a core proceeding)).

*Schultze* is factually similar to the instant case. There, the Ninth Circuit found that a malpractice action involving the attorney for the unsecured creditors' committee was a "core" matter arising in title 11 under 28 U.S.C. § 1334(b) because (1) the employment of the attorney for the creditors' committee was approved by the bankruptcy court and governed by § 1103; (2) his compensation was approved by the bankruptcy court which was governed by §§ 328, 330, 331; (3) his duties pertained solely to the administration of the estate; and (4) the claims asserted by the plaintiffs

17

were based solely on acts that occurred during the administration of the estate. *Schultze*, 765 F.3d at 949.

The plaintiffs argued that their claim did not invoke any right created by federal bankruptcy law or involve the administration of the debtor's estate. The Ninth Circuit dismissed this argument, stating:

> However, 'arising in' jurisdiction does not require that the matter be 'based on any right expressly created by title 11.' Instead, the matter must 'have no existence outside of the bankruptcy' case. That is the case here. The basis for the claim occurred within the administration of the estate. Any alleged duties arose from obligations created under bankruptcy law. The claims have effectively called into question the administration of the estate. Thus, this particular legal malpractice claim is inseparable from the bankruptcy case.

*Id.* (citations omitted). The Ninth Circuit affirmed the district court's determination that the bankruptcy court had jurisdiction over the lawsuit as a core proceeding and thus properly denied the plaintiffs' motion to remand.

The Ninth Circuit's analysis is applicable to the facts and circumstances of this case. The bankruptcy court approved the employment of Defendants as chapter 11 counsel for C&M, their compensation was approved by the bankruptcy court and governed by §§ 329, 330, and 331, and their duties pertained solely to the administration of the estate.

18

Further, core matters concern the "administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate." 28 U.S.C. § 157(b)(2)(A) and (O). These matters were at issue in the State Court Action. The claims asserted by Ms. Evans against Defendants in the State Court Action were based solely on acts that occurred during the administration of C&M's estate, including the liquidation of its properties. Ms. Evans alleged, among other things, that Defendants missed the deadline for filing a plan of reorganization, improperly liquidated C&M's properties instead of reorganizing them, failed to fully inform her about the dismissal of the case, and failed to release funds held in Defendants' client trust account in violation of the Dismissal Order. The "racism" she complained about also occurred in the bankruptcy court allegedly due to the bankruptcy judge's bias.

As in *Schultz*, this is not just a malpractice case like any other professional malpractice litigation that Ms. Evans might pursue—her claims against Defendants are inseparable from C&M's bankruptcy case. Accordingly, on this record, we conclude that the bankruptcy court had jurisdiction over the State Court Action and thus did not err in denying Ms. Evans' motion to remand based on lack of jurisdiction.

Ms. Evans does not mention any specific errors with respect to the bankruptcy court's factual findings on equitable remand in her opening brief. "Our circuit has repeatedly admonished that we cannot 'manufacture

19

arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994); *see also Indep. Towers of Wash.*, 350 F.3d at 929-30.

## CONCLUSION

For the reasons explained above, we AFFIRM the judgment and orders on appeal.