NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: PHILIP J. METSCHAN,

Debtor.

_____

CHRISTINA SHAY,

Appellant,

v.

TIMOTHY W. HOFFMAN, Chapter 7
Trustee,

Appellee.

No. 23-15861

D.C. No. 3:22-cv-05447-VC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted March 28, 2024
San Francisco, California

Before: PAEZ, WALLACH,** and NGUYEN, Circuit Judges.

Christina Shay ("Shay") appeals the district court's order affirming the

_____

  *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable Evan J. Wallach, United States Senior Circuit Judge
for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

bankruptcy court's September 6, 2022 abstention order. That order granted Timothy Hoffman's ("Trustee's") motion to abstain from adjudicating the balance of Shay's proof of claim and directed the parties to adjudicate the balance of the claim in state court. Shay argues that 1) the bankruptcy court erred in granting the abstention on the merits, 2) the bankruptcy court's exclusive jurisdiction over bankruptcy estates deprived it of authority to abstain from adjudicating the remainder of Shay's claim, and 3) the bankruptcy court also lacked jurisdiction to only partially adjudicate Shay's claim and to send estate funds to the State Court when the bankruptcy court has exclusive jurisdiction over estate funds.

Shay also asserts a due process argument, contending that the bankruptcy court's abstention order deprived her of her right to appeal the bankruptcy court's earlier interlocutory order that adjudicated parts of her proof of claim.

To the extent that we have jurisdiction, it is under 28 U.S.C. § 158(d). We dismiss the appeal.[1]

1. We lack jurisdiction to review the bankruptcy court's decision to permissively abstain under 28 U.S.C. § 1334(c)(1).[2] *See* 28 U.S.C. § 1334(d) ("Any decision to abstain or not to abstain made under subsection (c) (other than a decision

---

[1] Because the parties are familiar with the facts, we do not recount them here.
[2] *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.").

2

not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d) . . . of this title . . . ."); *see also Schultze v. Chandler*, 765 F.3d 945, 950 n.2 (9th Cir. 2014), *as amended* (Aug. 1, 2014) (finding lack of jurisdiction on appeal to review the bankruptcy court's decision not to abstain under the permissive abstention statute, 28 U.S.C. § 1334(c)(1)).[3]

The bankruptcy court's September 6, 2022 order granted the motion to abstain, pursuant to 28 U.S.C. § 1334(c)(1), and issued additional limited instructions aimed at enacting the associated relief requested in the Trustee's motion. Therefore, we construe the entirety of that order as the "decision to abstain" as defined in 28 U.S.C. § 1334(d). We thus lack jurisdiction to review this abstention order.

2. We also reject Shay's contention that the bankruptcy court violated her due process rights, as Shay has waived any such argument. To the extent Shay seems to argue that there were procedural errors at a May 12, 2022 hearing that were later incorporated into the bankruptcy court's interlocutory order, Shay acknowledges that she never challenged any of these findings at the district court. This argument is thus waived.

---

[3] Shay's late-filed supplemental filings, Dkt. 29 & 30, raise no new relevant authorities. Shay's motion to withdraw the first of these filings is moot.

3. Finally, we reject Shay's argument that the abstention order deprived her of her right to appeal the bankruptcy court's earlier interlocutory order. Shay failed to act on her right to appeal the earlier interlocutory order when final judgment was issued in this matter.

"Whatever prematurity existed" in the bankruptcy court's interlocutory order of Shay's claim "was cured by the subsequent entry of a final judgment" upon issuance of the bankruptcy court's abstention order. *In re Rains*, 428 F.3d 893, 901 (9th Cir. 2005). Thus, the bankruptcy court's interlocutory order became appealable when that court entered final judgment upon issuing its abstention order, but Shay failed to exercise her right to appeal the merits of the earlier interlocutory order in her appeal to the district court. Shay was therefore not deprived of her right to appeal the merits of the earlier interlocutory order, but has now waived that right. *See In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986) (explaining that the notice of appeal from a bankruptcy court decision must be timely filed under Bankruptcy Rule 8002).

**DISMISSED.**